### GRIFFIN v. WHITE.

(Supreme Court, Appellate Division, Third Department.　July 6, 1898.)

INSTRUCTIONS—ASSUMPTION OF FACTS.

Giving a charge which assumed as a fact a material matter, as to which the evidence was in direct conflict, was reversible error.

Appeal from trial term, Clinton county.

Action by Sidney Griffin against Jehial B. White. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Wheeler & Woodford (S. L. Wheeler, of counsel), for appellant.
A. W. Boynton, for respondent.

PER CURIAM. The trial court, in his charge to the jury, inadvertently fell into an error, on account of which a new trial should be granted. The action was commenced on the 19th day of May, 1897, to recover for money of the plaintiff alleged to have been collected by the defendant of one Fitzpatrick, a deputy sheriff, in 1887, and which the complaint averred the defendant agreed to pay over at once to the plaintiff, after deducting therefrom $42.50. The defendant, in his answer, set up the statute of limitations as a bar to the action. Under the allegations of the complaint, the statute of limitations commenced to run from the time of the receipt of the money by the defendant, in 1887. Code Civ. Proc. § 410. The claim of the plaintiff,

therefore, was barred, unless kept in life by the payments as to which he testified on the trial. He stated that a payment was made by the defendant of $3 some time after he had authorized the latter to collect the money received of Fitzpatrick; also, a subsequent payment a year afterwards of $2, and another payment a year later of $1.50. The defendant was called as a witness, and testified that he never paid the plaintiff anything on the execution. The court below, in charging the jury (referring to the demand of the plaintiff for the money so collected by the defendant) used the following language:

"There was some money paid on this from time to time, as stated by Mr. Griffin, and not contradicted, amounting to some six dollars and a half, altogether."

The defendant excepted to the remark of the trial judge.

In fact, the testimony of the plaintiff as to the payments in question was clearly denied by the defendant; and we are unable to see that the error of the court below may not have affected the verdict of the jury. If the attention of the jury had been called to the fact that the defendant had denied making any payment on the demand of the plaintiff which accrued in 1887, another and a different verdict might have been rendered. The mistake of the court below cannot be regarded an immaterial one.

The complaint in the action was verified on the 22d day of May, 1897, and in it the plaintiff demanded judgment for $156, besides the costs of the action. The verdict rendered on the 6th day of December, 1897, was for the sum of $188.45,—a sum considerably larger than was authorized by the prayer of the complaint.

The judgment should be reversed, and a new trial granted; costs to abide the event. The appellant may procure and file with the clerk of this court, as of March 5, 1898, the certificate of the clerk of Clinton county, showing the settlement and filing of the case in this action by the trial judge; the same to be attached to the original return on file in the office of the clerk of this court.